LAW OFFICES OF HELEN ZELDES
HELEN I. ZELDES (CA SBN 220051)
249 Highway 101 – No. 370
Solana Beach, CA 92075
Telephone: 858.523.1713
Facsimile: 858.523.1783
Email: helenz@zeldeslaw.com

BERNSTEIN LIEBHARD & LIFSHITZ, LLP
MEL E. LIFSHITZ
RONALD J. ARANOFF
10 East 40th Street – 22nd Floor
New York, NY 10016
Telephone: 212.779.1414
Facsimile: 212.779.3218
Email: lifshitz@bernlieb.com; aranoff@bernlieb.com

*Attorneys for Plaintiff*
BRIAN F. GORDON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRIAN F. GORDON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>APPLE COMPUTER, INC., and, DOES 1 THROUGH 50, inclusive,<br><br>Defendant. | Case No. 5:06-cv-05358-JW<br><br>**NOTICE OF MOTION AND MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:  March 24, 2008<br>Time:  9:00 a.m.<br>Hon.   James Ware<br>Courtroom:  8 |

# Table of Contents

**Page**

I.   STATEMENT OF THE CASE ........................................................................... 1

    A.   The Class Action ...................................................................................... 1

    B.   Discovery and Mediation ......................................................................... 2

II.  SUMMARY OF THE PROPOSED SETTLEMENT ....................................... 2

    A.   The Settlement Class ................................................................................ 3

    B.   Cash Payments to Settlement Class Members ......................................... 3

    C.   Administration of Settlement ................................................................... 4

    D.   Opt-Out Provisions .................................................................................. 4

    E.   Objections ................................................................................................ 4

    F.   Payment of Plaintiff's Attorney's Fees and Expenses; Service Award ................. 5

    G.   Class Notice ............................................................................................. 5

III. THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT AGREEMENT AS FAIR, ADEQUATE AND REASONABLE ..................................... 6

    A.   The Standard for Preliminary Approval ................................................... 6

        1.   The Strength of Plaintiff's Case and the Risk, Expense, Complexity, and Likely Duration of Further Litigation ............................ 7

        2.   The Offered Amount in Settlement .............................................. 9

        3.   The Extent of Discovery Completed and the Stage of Proceedings ............................................................................ 9

        4.   The Experience and Views of Counsel ........................................ 9

        5.   Arm's-Length Negotiation Between the Parties ........................ 10

IV.  THE COURT SHOULD PRELIMINARILY CERTIFY THE PROPOSED SETTLEMENT CLASS AND APPOINT CLASS COUNSEL ................................. 10

    A.   The Numerosity Requirement Is Met ..................................................... 11

NOTICE OF MOT AND MOT AND MEMO OF PNTS & AUTHS IN SUPPORT OF PLAINTIFF'S
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT —
No. 5:06-cv-05358-JW

i

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

B.      The Commonality and Typicality Requirements Are Met.................................... 11

C.      The Named Plaintiff and Class Counsel Are Adequate
         Class Representatives............................................................................................. 11

D.      Certification Under Rule 23(b)(3) Is Appropriate for Settlement
         Purposes ................................................................................................................. 12

V.      THE PROPOSED SETTLEMENT IS ADEQUATE AND SHOULD
         BE APPROVED ............................................................................................................... 13

VI.     CONCLUSION

1

**TABLE OF AUTHORITIES**

2

**Cases**                                                                                                   **Pages**

3

4
*Amchem Products, Inc. v. Windsor,*
      521 U.S. 591 (1997) ........................................................................................ 12, 13

5

6
*Chamberlan v. Ford,*
      223 F.R.D. 524 (N.D. Cal. 2004) .................................................................... 11

7
*Gautreaux v. Price,*
      690 F.2d 616 (7th Cir. 1982) ............................................................................ 7

8

9
*Hanlon v. Chrysler Corp.,*
      150 F.3d 1011 (9th Cir. 1998) .............................................................. 11, 12, 13

10

11
*Hughes v. Microsoft Corp.,*
      No. C-98-1646C, No. C93-0178C,
      2001 U.S. Dist. LEXIS 5976 (W.D. Wash. Mar. 26, 2001) ...................... 9, 10

12

13
*In re Mego Fin. Corp. Sec. Litig.,*
      213 F.3d 454 (9th Cir. 2000) ........................................................................ 6, 7

14

15
*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.,*
      227 F.R.D. 553 (W.D. Wash. 2004) ................................................................ 7

16

17
*In re Shell Oil Refinery Litig.*
      1993 U.S. Dist. LEXIS 16770 (E.D. La. 1993) .............................................. 7

18
*Lerwill v. Inflight Motion Pictures,*
      582 F.2d 507 (9th Cir. 1978) .......................................................................... 11

19

20
*Local Jt. Exec. Bd. v. Las Vegas Sands, Inc.,*
      244 F.3d 1152, 1163 (9th Cir. 2001) .............................................................. 12

21

22
*Officers for Justice v. Civil Serv. Comm'n,*
      688 F.2d 615  (9th Cir. 1982) ........................................................................ 10

23
*Warfarin Sodium Litig.,*
      391 F.3d 516 (3d Cir. 2004) ...................................................................... 12, 13

24

25

26

27

28

**Statutes, Rules and Regulations**

Federal Rules of Civil Procedure
        Rule 23(a)(1) ........................................................................................................... 11
        Rule 23(a)(4) ........................................................................................................... 11
        Rule 23(e) .................................................................................................................. 1

**Secondary Authorities**

Manual for Complex Litigation (Fourth)
        §21.632 .............................................................................................................. 7, 10

4 Herbert Newberg & Alba Conte,
        Newberg on Class Actions (4th ed. 2002)
        §11.25 ............................................................................................................. 10, 11

1

**TO:    ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

2

3    PLEASE TAKE NOTICE that on March 24, 2008 at 9:00 a.m., or as soon thereafter as the

4    matter may be heard in the Courtroom of the Honorable James W. Ware, United States District

5    Court, 280 South First Street, San Jose, CA 95113,  Plaintiff Brian F. Gordon will respectfully

6    move, pursuant to Fed. R. Civ. P. 23(e), for an Order granting preliminary approval of the

7    proposed settlement of this putative class action set forth in the Stipulation of Settlement dated

8    January 25, 2008 (the "Stipulation ). This motion is based on the Stipulation of Settlement; this

9    Notice of Motion and Unopposed Motion for Preliminary Approval of the Proposed Settlement,

10    all of the prior pleadings and papers in this action, and such additional evidence or argument as

11    may be required by the Court.

12

13    Pursuant to Federal Rule of Civil Procedure 23(c)(3), (d), and (e), Plaintiff Brian F.

14    Gordon ("Plaintiff") respectfully submits this memorandum in support of his Motion for

15    Preliminary Approval of Class Action Settlement.  Defendant Apple, Inc. ("Apple") does not

16    oppose this Motion.  For the reasons stated below, this Court should grant preliminary approval to

17    the proposed settlement of this class action.[1]

18    **I.      STATEMENT OF THE CASE**

19        **A.      The Class Action**

20    On August 31, 2006, Plaintiff, individually and on behalf of a nationwide class, filed a

21    complaint against Apple in this Court, alleging that the power adapter sold with certain

22    PowerBook and iBook computers is defective in that it "dangerously frays, sparks and

23    prematurely fails to work" (Class Action Complaint ("Compl.") ¶ 1), and that Apple engaged in

24    misrepresentations regarding the adapter.  Plaintiff seeks relief under the California Unfair

25

26    _____

27    [1] The full terms of this settlement are memorialized in the parties' Stipulation of
Settlement filed herewith.

28

Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et. seq.*; the California Consumer Legal

Remedies Act, Cal. Civ. Code §§ 1770 *et seq.*; the Song-Beverly Consumer Warranty Act, Cal.

Civ. Code §§ 1791 *et seq.*; and the federal Magnuson-Moss Warranty Act, 15 U.S.C.

§ 2310(d)(1), as well as for alleged breaches of implied warranties, negligence, and unjust

enrichment.  Plaintiff sought damages, restitution, disgorgement and injunctive relief as well as

attorneys' fees, costs and expenses.  Apple denies Plaintiff's allegations and has asserted

numerous defenses to Plaintiff's claims.

### B.  Discovery and Mediation

The parties exchanged pre-mediation discovery.  Apple provided extensive information

about the adapter design, its testing, sales data and failure rates.  After the exchange of discovery,

the parties engaged in mediation on March 13, 2007, with the Honorable Daniel Weinstein (Ret.),

one of the nation's most respected mediators. While the parties began the process very far apart in

their views of the value of the case, Judge Weinstein assisted the parties in bridging the gap and

eventually crafted a mediator's proposal acceptable to both sides which is the basis of the parties'

Settlement Agreement.

## II.  SUMMARY OF THE PROPOSED SETTLEMENT

The efforts of plaintiff's counsel have culminated in a nationwide settlement benefiting a

class of owners of more than two million Power Book and iBook computers.  The settlement

provides for cash refunds of $25.00 to $79.00 to class members who purchased replacement

adapters for qualifying PowerBook and iBook computers as set forth in more detail below.  The

cost of the comprehensive settlement notice program and plaintiff's counsel's attorneys' fees and

costs will be paid for by Apple separate and apart from the settlement benefits, adding an

additional benefit to the class.

A.    **The Settlement Class**

Plaintiff seeks conditional certification of this action on behalf of a national settlement class ("Settlement Class" or "Class") defined as follows:

> All United States residents who purchased in the United States, for their own use and not for resale, an Apple PowerBook or iBook computer listed in Exhibit 1 [to the Settlement Agreement]. The Settlement Class excludes Apple; any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; Apple's legal representatives, successors, and assigns; and all persons who validly request exclusion from the Settlement Class.

The proposed Settlement Class thus includes all purchasers, for their own use, of Apple PowerBook and iBook computers for which the replacement power adapter sold by Apple was the Apple Portable Power Adapter — 65W ("Subject Computer").[2]  The parties estimate that over 2.3 million Subject Computers were sold.

The parties propose that Brian F. Gordon be appointed as representative of the proposed Settlement Class, and that the Class Counsel, Helen Zeldes of the Law Offices of Helen Zeldes in Solana Beach, California, and Mel E. Lifshitz and Ronald J. Aranoff of Bernstein Liebhard & Lifshitz, LLP in New York, New York, be appointed as Class Counsel to represent the interests of the Proposed Settlement Class.

B.    **Cash Payments to Settlement Class Members**

The proposed Settlement Agreement provides that Apple will make cash payments to Settlement Class Members who purchased an Apple-branded 65W power adapter or third-party power adapter to replace a failed Adapter for a Subject Computer ("Replacement Adapter") and who submit a valid and timely Claim Form.  The settlement covers the purchase of a Replacement Adapter within the first three years following the initial retail purchase of the Subject Computer,

---

[2] Identifying information for the Subject Computers is listed on Exhibit 1 to the Settlement Agreement.

and before May 31, 2009. The amount of the cash payment will vary depending on when the Adapter included with or sold for the Subject Computer failed.

Class members who purchased a Replacement Adapter due to a failure of the Adapter sold with the Subject Computer during the first year following the initial retail purchase of the Subject Computer will receive the amount actually paid for the Replacement Adapter (excluding tax and shipping/handling fees) not to exceed $79.00. Such Class members must have sought to have the failed Adapter covered under warranty and been denied coverage by Apple for a reason other than user abuse. Class members who purchased a Replacement Adapter during the second year following the initial retail purchase of the Subject Computer will receive a $40 cash payment, and Class members who purchased a Replacement Adapter during the third year following the initial retail purchase of the Subject Computer will receive a $20 cash payment. All Class members must submit a valid and timely Claim Form.

### C.     Administration of Settlement

Pursuant to the terms of the Settlement Agreement, Apple will pay all costs associated with the administration of the settlement. Because these costs are being paid directly by Apple, they do not reduce or affect the Class recovery.

### D.     Opt-Out Provisions

Class members who prefer not to be bound by the settlement may exclude themselves by providing written notice of their intentions. The procedure for Class members to exclude themselves is described in the Class Notice, attached as Exhibit A to the Settlement Agreement.

### E.     Objections

Class members may object to the Settlement by providing written objections to the Court and counsel, and may, but need not, appear at the Fairness Hearing personally or through their own counsel.

**F.     Payment of Plaintiff's Attorney's Fees and Expenses; Service Award**

Apple agrees not to oppose an award to Class Counsel of attorney's fees in the amount of $799,500 and verified costs and expenses incurred in the litigation up to $50,000, to be paid by Apple, subject to Court approval.  Apple further agrees not oppose a service award of $500 to Plaintiff, Brian Gordon, subject to Court approval.  These fees, costs, expenses and service award are separate from and do not in any way diminish the Class recovery.

**G.     Class Notice**

The Settlement Agreement proposes that Notice be disseminated to the Settlement Class Members in three ways:

**1.     *Mailed Notice*.**  The parties propose to disseminate an electronic copy of the Summary Notice (Exhibit B to the Settlement Agreement) by e-mail to each member of the Settlement Class for whom Apple has an e-mail address.  For each member of the Settlement Class for whom Apple has a street address in its warranty registration database, but not an e-mail address, Apple will send by U.S. mail a Settlement Postcard (Exhibit C to the Settlement Agreement).  Apple shall also mail the Settlement Postcard to any Class member for whom e-mailed notice is returned undeliverable.  Both the e-mailed Summary Notice and the Settlement Postcard will provide Settlement Class members with the address of the website from which they can download the Class Notice and Claim Form (Exhibits A and D to the Settlement Agreement) as well as a toll-free number which they can call to obtain the Class Notice and Claim Form.

**2.     *Published Notice*.**  The parties propose to publish the Summary Notice of Settlement one time in *USA Today*, a newspaper of national circulation, and once in *Macworld*, the primary magazine devoted to Apple-related products and Apple purchasers.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

   **3.**   *Website Notice.*  In addition, as indicated above, the contents of the Class Notice and the Claim Form will also be made available to Settlement Class Members on a dedicated website accessible to anyone searching the Internet.

   By this Unopposed Motion for Preliminary Approval of Class Action Settlement, the Plaintiff asks the Court to issue a "Preliminary Approval Order" in the form attached as Exhibit E to the Settlement Agreement.  That order would authorize the tasks necessary to allow the settlement approval process to occur.  Those tasks include:  (1) conditionally certifying the proposed Settlement Class and appointing Class Representative and Class Counsel; (2) preliminarily approving the Settlement Agreement; (3) approving and authorizing dissemination of Notice to the Settlement Class Members; (4) establishing a schedule by which Settlement Class Members may exclude themselves from the Settlement Class or object to the settlement; and (5) setting a date for a Fairness Hearing.

   The following sections of this memorandum explain these issues in more detail.

**III.   THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT AGREEMENT AS FAIR, ADEQUATE AND REASONABLE**

   **A.   The Standard for Preliminary Approval**

   Rule 23(e) requires a district court, when considering whether to give *final* approval to a proposed class action settlement, to determine whether a proposed settlement is "fundamentally fair, adequate, and reasonable."  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).  The standard for *preliminary* approval is that the settlement be "within the range of *possible* approval":

> The first step in district court review of a class action settlement is a
> preliminary, pre-notification hearing to determine whether the
> proposed settlement is "within the range of possible approval."  Its
> purpose is to ascertain whether there is any reason to notify the
> class members of the proposed settlement and to proceed with a
> fairness hearing.  If the district court finds that a proposed
> settlement is "within the range of possible approval," the next step
> is the fairness hearing.  Class members are notified of the proposed

NOTICE OF MOT AND MOT AND MEMO OF PNTS &  AUTHS IN SUPPORT OF PLAINTIFF'S
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT —
No. 5:06-cv-05358-JW

6

settlement and the fairness hearing in which they and all interested parties have an opportunity to be heard. The goal of the [final fairness] hearing is to "adduce all information necessary for the judge to rule intelligently on whether the proposed settlement is 'fair, reasonable, and adequate.'" *Id.* at 457.

*See also, Gautreaux v. Price*, 690 F.2d 616, 621 n.3 (7th Cir. 1982), *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553, 556 (W.D. Wash. 2004) (noting that in the first stage of the approval process, "the court preliminarily approve[s] the Settlement pending a fairness hearing, temporarily certifie[s] the Class . . . , and authorize[s] notice to be given to the Class").

Preliminary approval requires only that the Court evaluate whether the proposed settlement: (1) was negotiated at arms-length, and (2) is within the range of possible litigation outcomes such that "probable cause" exists to disseminate notice and begin the formal fairness process. *See* Manual for Complex Litigation (Fourth) §21.632-33; *In re Shell Oil Refinery Litig.* 1993 U.S. Dist. LEXIS 16770, at *5 (E.D. La. 1993). Furthermore, the Ninth Circuit has identified a number of factors used to assess whether a settlement proposal is fundamentally fair, adequate and reasonable. The factors applicable to a motion for preliminary approval are: (1) the strength of the plaintiffs' case and the risk, expense, complexity, and likely duration of further litigation; (2) the amount offered in settlement; (3) the extent of discovery completed and the stage of the proceedings; (4) the experience and views of counsel; and (5) arm's-length negotiations (i.e., absence of collusion) between the parties. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458-60 (9th Cir. 2000). Each relevant factor supports the conclusion that the proposed settlement is squarely within the range of fairness, adequacy and reasonableness for approval.

### 1. The Strength of Plaintiffs' Case and the Risk, Expense, Complexity, and Likely Duration of Further Litigation

The heart of plaintiff's claim is that the Adapter included with or sold for the Subject Computers is defective and that Apple made misrepresentations regarding the Adapter. While

Plaintiff and Class Counsel believe that their claims are meritorious and qualify for litigation on a classwide basis, Apple has raised and would continue to raise challenges to the legal and factual basis for these claims. Apple denies that the Adapter is defective or that Apple made any misrepresentations. The proposed settlement eliminates the risks of continued litigation against Apple and eliminates the risk of no recovery from Apple.

The Settlement Agreement proposed by the parties immediately provides the certainty of valuable benefits to the Class members. Most importantly, the Settlement provides cash payments to Settlement Class members who had to purchase a Replacement Adapter within three years of the initial purchase of a Subject Computer.

If this case is not settled, it would be necessary to continue prosecuting the litigation against Apple through a trial and, even if plaintiff is successful there, through the appeals Apple most likely would take. Thus, any potential benefits to the class would be delayed for months or years if the case proceeds in litigation.

In determining whether the terms of this Settlement Agreement are sufficiently fair, adequate and reasonable to justify the dissemination of Class Notice and the scheduling of a Fairness Hearing, the Court need only inquire at this juncture whether the consideration provided to the Settlement Class falls within the range of possible outcomes were the case to proceed to final judgment after full litigation. The answer to that question is most certainly "yes".

A reasonable person could conclude that continued litigation may well achieve no greater benefit for the Settlement Class and could possibly result in no benefit at all. With this in mind, the advantages to the Settlement Class members of approving the proposed Settlement and quickly distributing to them the consideration provided therein clearly exceed what is likely to occur should this case proceed on a litigation track. For this reason, the strength of Plaintiff's

case and the risk, expense, complexity, and likely duration of further litigation suggest that the proposed Settlement Agreement is fair, adequate, and reasonable.

### 2.     The Amount Offered in Settlement

In light of the uncertainties of trial and the difficulties in proving any alleged defect or misrepresentation, the value of the settlement is certainly adequate.  Apple is offering to provide Settlement Class members — who had to buy a Replacement Adapter in the first three years from the initial retail purchase of a Subject Computer — with cash payments ranging from $25 to $79 (the full price of the Replacement Adapter).  This amounts to a substantial, *cash* settlement.

### 3.     The Extent of Discovery Completed and the Stage of Proceedings

Here, the parties reached settlement relatively early in the litigation obviating the need for expensive and time-consuming fact and expert discovery, as well as pre-trial preparation. Nonetheless, Apple produced, and Plaintiff reviewed, extensive information about, among other things, the Adapter design, its testing, sales data and failure rates.  Plaintiff and his counsel had more than sufficient information to make an informed decision about the settlement.

### 4.     The Experience and Views of Counsel

Class Counsel supports the approval of the settlement — a fact that confers a presumption of fairness on the proposed settlement.  *See Hughes v. Microsoft Corp.*, No. C-98-1646C, No. C93-0178C, 2001 U.S. Dist. LEXIS 5976, at *20 (W.D. Wash. Mar. 26, 2001) ("In determining whether to approve a settlement, the Court keeps in mind the unique ability of class counsel to assess potential risks and rewards of litigation.").  Class Counsel are experienced class-action litigators who have successfully tried complex cases in the past.  *See* Declarations of Helen I. Zeldes and Ronald J. Aranoff, filed herewith.  After weighing the risks and benefits associated with trying this case or settling it according to the terms of the Proposed Settlement, Class

NOTICE OF MOT AND MOT AND MEMO OF PNTS &  AUTHS IN SUPPORT OF PLAINTIFF'S
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT —
No. 5:06-cv-05358-JW

9

1    Counsel has reached the opinion that settlement is in the best interest of the class.  *Id.*  The Court

2    should afford that determination considerable weight.

3              **5.       Arm's -Length Negotiation Between the Parties**

4              The trial court's evaluation of the settlement "must be limited to the extent necessary to

5    reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or

6    collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair,

7    reasonable and adequate to all concerned."  *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d

8    615, 625 (9th Cir. 1982).  Here, the proposed settlement is the product of extensive arms-length

9    negotiations among well-informed, sophisticated counsel.  Both sides demonstrated by their

10   actions that they were fully prepared to litigate this case through final judgment, if no acceptable

11   resolution could be reached.  In addition, the fact that the settlement was mediated with the active

12   involvement of the Honorable Daniel Weinstein (Ret.) further demonstrates the non-collusive

13   nature of the settlement.  Indeed, the settlement is based upon the parties' agreement to a

14   mediator's proposal carefully crafted by Judge Weinstein over the course of several months of

15   negotiations after the initial mediation session.  *See Hughes v. Microsoft Corp.*, 2001 U.S. Dist.

16   LEXIS 5976, at *17 (W.D. Wash. March 26, 2001) (settlement mediated with assistance of

17   appointed settlement judge demonstrates lack of fraud or collusion).

18   **IV.    THE COURT SHOULD PRELIMINARILY CERTIFY THE PROPOSED
            SETTLEMENT CLASS AND APPOINT CLASS COUNSEL**

19

20             At this stage of the settlement approval process, the Court must satisfy itself, at least

21   conditionally, that the requirements of Rule 23 are met, that the named plaintiff may properly be

22   appointed to serve as Class Representative, and that counsel for Plaintiff may properly be

23   appointed to serve as Class Counsel.  *See* Manual for Complex Litigation (Fourth) §21.632 ("The

24   judge should make a preliminary determination that the proposed class satisfies the criteria set out

25   in Rule 23(a) and at least one of the subsections of Rule 23(b)); 4 Herbert Newberg & Alba

Conte, Newberg on Class Actions §11.25 (4th ed. 2002).  Every requirement of Rule 23 is satisfied with respect to this proposed Settlement Class.

### A.     The Numerosity Requirement Is Met

The numerosity requirement is met if the class is so large that joinder of all members is impracticable.  Fed. R. Civ. P. 23(a)(1).  The size of the proposed Settlement Class — over 2.3 million Subject Computers were sold — renders joinder impracticable, and the numerosity requirement is satisfied.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

### B.     The Commonality and Typicality Requirements Are Met

Federal Rule of Civil Procedure 23(a)(2) allows a class action to be maintained if "there are questions of law or fact common to the class."  Rule 23(a)(3) requires that "the claims or defenses of the representative parties [must be]…typical of the claims or defenses of the class."  The requirement of commonality is satisfied here because the plaintiff's allegations stem from a claim of common defects in the Adapter included with or sold for the Subject Computers and allegations of common misrepresentations regarding the Adapter.  *See Chamberlan v. Ford*, 223 F.R.D. 524, 526 (N.D. Cal. 2004).

The typicality requirement is also met in this case.  The Class Representative has claims similar and typical of the rest of the Settlement Class since he claims — and has the same interest in redressing — injury similar to the Class.

### C.     The Named Plaintiff and Class Counsel Are Adequate Class Representatives

Rule 23(a)(4) requires that the named plaintiff and proposed Class Counsel be able to "fairly and adequately protect the interests of the class."  Fed.R.Civ.P. 23(a)(4).  In this case, the parties are not aware of any conflicts of interest between the named plaintiff and the absent class members from the standpoint of assessing the fairness of the proposed settlement.  *See Lerwill v. Inflight Motion Pictures,* 582 F.2d 507, 512 (9th Cir. 1978).  The record shows that Plaintiff and

1   Class Counsel have vigorously prosecuted this action on behalf of the class.  The attorneys who

2   represent the proposed Class Representatives are well-qualified to serve as Class Counsel.  *See*

3   *Hanlon,* 150 F.3d at 1020.

4           **D.     Certification Under Rule 23(b)(3) Is Appropriate for Settlement Purposes**

5           In addition to meeting the requirements of Rule 23(a), an action must satisfy one of the

6   requirements of Rule 23(b) to be certified for class treatment for settlement purposes.  *See*

7   *Hanlon*, 150 F.3d at 1022; *Warfarin Sodium Litig.*, 391 F.3d 516, 527 (3d Cir. 2004).  Rule

8   23(b)(3) requires predominance (common questions predominate over individual ones) and

9   superiority (class resolution is superior to other methods of adjudication).  As discussed above in

10  Section B, there are common class-wide issues as to the alleged defects and misrepresentations.

11  In determining superiority, the Rule provides four non-exclusive factors:  (1) the interest of

12  individual members of the class in individually controlling the prosecution of the action; (2) the

13  extent of litigation commenced elsewhere by class members; (3) the desirability of concentrating

14  claims in a given forum; and (4) the management difficulties likely to be encountered in pursuing

15  the class action.

16          The superiority requirement is satisfied where there are "multiple claims for relatively

17  small individual sums."  *Local Jt. Exec. Bd. v. Las Vegas Sands, Inc.,* 244 F.3d 1152, 1163 (9th

18  Cir. 2001).  Here, since the financial loss to any individual Class Member is relatively small, very

19  few would have an interest or ability to pursue their own individual case.  Also, it is unlikely that

20  individual Class Members would have the resources to pursue successful litigation on their own.

21          In *Amchem Products, Inc. v. Windsor,* 521 U.S. 591 (1997), the Supreme Court

22  recognized that while a proposed settlement class must meet all the requirements of Rule 23, the

23  court need not assess whether the manageability requirement of Rule 23(b)(3) is met because the

24  parties do not propose to litigate the case.  *Id.* at 620 ("Confronted with a request for settlement-

only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems…for the proposal is that there is no "trial").  The distinction between a certification of a settlement class and one for litigation becomes important when considering whether variations in state law would make certification inappropriate. Under well-established law, settlement of a nationwide class action is *not* defeated by the presence of variations in state law, regardless of whether variations in state law may preclude certification of a class action in the context of *litigation*.  *See Hanlon*, 150 F.3d at 1019, 1022-23; *Warfarin*, 391 F.3d at 529-30.

Accordingly, recognizing that the parties here propose a nationwide settlement class — not a nationwide litigation class — this Court need only inquire whether the proposed Settlement Class is sufficiently cohesive with respect to the relevant factual and legal issues as to make a classwide settlement process fair.  *See Amchem*, 521 U.S. at 623; *Warfarin*, 391 F.3d at 528.  The standards for certification of a nationwide Settlement Class in the context of granting preliminary settlement approval are satisfied here.

## V.      THE PROPOSED NOTICE IS ADEQUATE AND SHOULD BE APPROVED

Rule 23(e) provides that "notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."  The Manual for Complex Litigation (Fourth) recommends that "[o]nce the judge is satisfied as to the certifiability of the class and the results of the initial inquiry into the fairness, reasonableness, and adequacy of the settlement, notice of a formal Rule 23(e) fairness hearing is given to the class members.  For economy, the notice under Rule 23(c)(2) and the Rule 23(e) notice are sometimes combined."  Manual for Complex Litigation (Fourth) §21.633.  Combined notice helps to avoid confusion that separate notifications of certification and settlement may produce.

NOTICE OF MOT AND MOT AND MEMO OF PNTS &  AUTHS IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT — No. 5:06-cv-05358-JW

13

Here, the terms of the settlement and benefits offered by it will be well-publicized. The parties propose to disseminate notice by individually mailing (by e-mail or U.S. Mail) notice. The Summary Notice (Exhibit B to the Settlement Agreement) will be sent via electronic mail to all Settlement Class Members for whom Apple has an e-mail address. The Settlement Postcard (Exhibit C to the Settlement Agreement) will be sent by U.S. Mail to all Class Members for whom Apple has only a street address in its warranty registration database. The parties estimate that direct, mailed notice will be provided to approximately 62% of the Settlement Class Members. In addition, notice will be published in two widely-read, nationwide publications – *USA Today* and *Macworld* – the latter directly targeted to the Settlement Class.

The Class Notice and Claim Form (Exhibits A and D to the Settlement Agreement) will be made available via the Internet on a Settlement Website. Both the Summary Notice and the Settlement Postcard will provide recipients with the website address discussing the settlement, a toll-free number to request copies of the Class Notice and Claim Form, and the address of the Class Counsel to who class members may write for information concerning the settlement.

The forms of notice are modeled on the Federal Judicial Council's suggested notice forms. Each section of the Class Notice and Summary Notice is preceded by a heading which clearly indicates the section topic and why the Class member should read it. The notice strikes the appropriate balance between thoroughness and clarity by including brief, simple and accurate descriptions of all of the following: (1) what the lawsuit is about; (2) the basic terms of the settlement and release of Apple; (3) the definition of the Class; (4) the identity of Plaintiff's counsel; (5) the res judicata effect of the settlement and final judgment on Class members; (6) the options available to Class members including: remaining a Class member by doing nothing, objecting to the settlement, or opting out of the settlement; (7) the procedures for exercising the various options, including the time deadlines and method of appearing, opting-out, or filing

NOTICE OF MOT AND MOT AND MEMO OF PNTS & AUTHS IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT — No. 5:06-cv-05358-JW

14

1    objections; (8) the date, time, location and purpose of the final fairness hearing, and (9) how to

2    get additional information and/or review the complete Settlement Agreement.  The Court should

3    therefore approve the proposed Notice.

4    **VI.    CONCLUSION**

5           For all the reasons stated above, Plaintiff respectfully requests that this Court preliminarily

6    approve the proposed settlement, certify the Settlement Class as a national class for purposes of

7    this settlement, and approve the plan to provide notice to the Settlement Class.

8

9    Dated: January 25, 2008              HELEN ZELDES
                                          LAW OFFICES OF HELEN ZELDES
10

11                                        MEL E. LIFSHITZ
                                          RONALD J. ARANOFF
12                                        BERNSTEIN LIEBHARD & LIFSHITZ, LLP

13                                        By:    /s/Helen I. Zeldes
                                                 Helen I. Zeldes
14

15                                               *Attorneys for Plaintiff*
                                                 BRIAN F. GORDON

16

17

18

19

20

21

22

23

24

25

26

27

28